Darrell WHEELER, Petitioner—Appellant,

v.

Michael YARBOROUGH, Warden, Respondent—Appellee.

No. 05–55227.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2006.*

Filed April 19, 2006.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**848**

John Yang, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM **

Darrell Wheeler appeals from the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Wheeler challenges the use of his 1990 conviction for assault as a serious prior felony, claiming that as part of his plea agreement to the assault charge, he and the State agreed that the conviction would only be used as a one-year sentence enhancement in the future. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm the decision of the district court.

In 1990, Wheeler pleaded guilty to assault after striking a woman in the head with a brick. During the plea colloquy, the court, in listing the collateral consequences of the plea, stated, "If at any time in the future you are arrested and convicted of a new felony, this would act as a one-year prior." In 2000, a jury convicted Wheeler of involuntary manslaughter. The state trial judge used the 1990 conviction as a serious prior felony, which doubled his sentence under California Penal Code section 667(e)(1).

We review de novo the district court's decision to grant or deny a 28 U.S.C. § 2254 petition. *See Luna v. Cambra*, 306 F.3d 954, 959 (9th Cir.2002), *as amended* 311 F.3d 928 (9th Cir.2002). Under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant habeas relief if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 407–09, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In addition, we may grant habeas relief where the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.2004), *cert. denied*, 543 U.S. 1038, 125 S.Ct. 809, 160 L.Ed.2d 605 (2004) (applying an objective standard of reasonableness).

Wheeler argues that the California Court of Appeal's determination that the one-year prior term was not a negotiated term of the plea agreement was unreasonable in light of the evidence presented. He also argues that the California Court of Appeal's decision was contrary to and an unreasonable application of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The California Court of Appeal found that the 1990 state trial court's statement was merely a gratuitous advisement regarding the collateral consequences of the guilty plea and that there was no indication that Wheeler, or a reasonable defendant in his position, and the State intended to limit the collateral use of the 1990 conviction in future prosecutions. For this reason, the California Court of Appeal, citing *Santobello*, concluded that the one-year prior reference did not form the basis of Wheeler's inducement to enter into the plea agreement.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Wheeler has offered insufficient evidence to show that the one-year term was a negotiated and bargained-for term of the plea agreement or that it induced him to accept the 1990 plea agreement. *See Brown v. Poole,* 337 F.3d 1155, 1159–60 (9th Cir.2003) (concluding that a back-and-forth exchange between the prosecutor and defendant concerning her sentence where the defendant stated more than once that she understood the terms demonstrated that the term prompted her to accept the agreement). In addition, Wheeler has offered insufficient evidence to show that a reasonable defendant in his position would have understood the one-year prior reference to mean that the State intended that the 1990 conviction would never be used as a future sentencing enhancement. *Id.* at 1159–60. For these reasons, we conclude that the California Court of Appeal's factual determinations were not unreasonable in light of the evidence presented, and that its decision was not contrary to nor an unreasonable application of *Santobello.* Because Wheeler failed to raise his argument that the California Court of Appeal's decision was also contrary to and an unreasonable application of *Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987), in district court, we do not address this argument here. We likewise decline to expand the Certificate of Appealability to include Wheeler's constitutional claims.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.